FILED
2022 May-11 AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARY KING,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **V.** ) | |
| ) | |
| **THE HEALTH CARE AUTHORITY** ) | **JURY DEMAND** |
| **OF CULLMAN COUNTY d/a/a** ) | |
| **CULLMAN REGIONAL** ) | |
| **MEDICAL CENTER,** ) | |
| | |
| **DEFENDANT.** | |

## COMPLAINT

### I.   INTRODUCTION

This is an action brought by Mary King against The Health Care Authority of Cullman County d/b/a Cullman Regional Medical Center for legal and equitable relief to redress sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), which provide for relief against discrimination and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory and punitive damages, and requests a jury trial.

## II. JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. § 1391(b).

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. § 2000e *et seq*.

3. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her lawsuit within ninety (90) days of receipt of her Dismissal and Notice of Rights.

## III. PARTIES

4. Plaintiff, Mary King, is a female, a citizen of the United States, and a resident of the Mississippi.

5. Defendant The Health Care Authority of Cullman County d/b/a Cullman Regional Medical Center is an employer doing business in this district, and at all times relevant to this action, the Defendant is an employer of Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964.

## IV. FACTS

6. Plaintiff, Mary King, was hired by Defendant The Health Care Authority of Cullman County d/b/a Cullman Regional Medical Center as a

Practitioner Assistant on or about June 16, 2020.

7. During Plaintiff's employment, she was subjected to sexual harassment by her direct supervisor, Dr. Tyler Byrd.

8. The harassment included inappropriate sexual and derogatory comments, attempted touching, unwanted touching, inquiries about Plaintiff's sex life, and comments about his sex life.

9. Plaintiff objected to Dr. Byrd's sexually harassing behavior.

10. Despite Plaintiff's objections, the conduct continued.

11. On June 28, 2021, Plaintiff reported the harassment to Lisa Courtney, Vice President of Providers.

12. On June 30, 2021, Plaintiff had a meeting with Lisa Courtney, Pam Brown (Human Resources), and an attorney for Defendant giving them the details of the harassment and inappropriate conduct by Byrd.

13. Plaintiff was told that she would telework, while an investigation was conducted.

14. On July 9, 2021, Plaintiff was called in for a meeting and informed that based on their investigation, Dr. Byrd had not acted inappropriately and that no action would be taken.

15. During this meeting, Plaintiff was further told that she was being terminated for going against a doctor's (Byrd's) directive.

16. The alleged "violation" was brought up during the investigation into Plaintiff's complaints of sexual harassment against Dr. Byrd.

17. Prior to Plaintiff's complaint of sexual harassment and the ensuing investigation, Dr. Byrd had not reported any failure to follow his directives by Plaintiff.

18. According to Defendant, Plaintiff did not violate hospital policy but was being terminated because she allegedly did not follow the instructions of the individual she was complaining about.

19. Prior to Plaintiff's termination, she had received no counseling or discipline in any form.

20. Plaintiff's termination was in retaliation for complaining about the harassment.

21. Plaintiff has suffered emotional distress, humiliation, and embarrassment as a result of Defendant's conduct.

22. Defendant has acted with malice and reckless disregard toward Plaintiff and her federally protected rights.

## V.  CAUSES OF ACTION

### COUNT ONE: CLAIMS OF SEX DISCRIMINATION AND HARASSMENT PURSUANT TO TITLE VII

23. Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 22 above with the same force and effect as if fully

set out in specific detail herein below.

24. Plaintiff was subjected to sexual harassment and a sexually hostile work environment by her direct supervisor.

25. The discrimination and harassment and which Plaintiff was subjected included, but was not limited to, included inappropriate sexual and derogatory comments, attempted touching, unwanted touching, inquiries about Plaintiff's sex life, and comments about the harasser's sex life.

26. The harassment which Plaintiff was subjected to was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

27. Plaintiff objected to the sexual harassment; however, prompt and effective remedial action was not taken.

28. Plaintiff has suffered emotional distress, embarrassment and humiliation as a result of the harassment and Defendants' conduct.

29. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

**COUNT TWO: CLAIMS OF RETALIATION PURSUANT TO TITLE VII**

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-29, above with the same force and effect as if fully set out in specific detail hereinbelow.

31. Plaintiff complained to her supervisor, management, and Human

Resources about the sexual harassment that she was being subjected.

32. Plaintiff had a good faith belief that the conduct was discriminatory.

33. As a result of Plaintiff's complaints, Plaintiff was disciplined and terminated.

34. Plaintiff engaged in protected activity.

35. Plaintiff was subjected to adverse actions.

36. Defendant's actions are causally related to Plaintiff's protected activity. A causal connection exists between the protected activity and Defendant's adverse actions.

37. Defendant's conduct was pretext for retaliation.

38. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

39. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violates the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e *et seq*.

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended.

3.     Enter an Order requiring Defendant to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of discrimination and retaliation, awarding her back-pay (plus interest), front pay, nominal damages, compensatory damages, and punitive damages.

4.     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
WIGGINS, CHILDS, PANTAZIS
   FISHER & GOLDFARB, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
rcalamusa@wigginschilds.com

**DEFENDANT'S ADDRESS:**
The Health Care Authority of Cullman County
d/b/a Cullman Regional Medical Center
c/o Charlotte Hicks, Reg. Agent
1912 Alabama Highway 157, POB 1, Ste. 200
Cullman, Alabama 35058